UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

DION HINES,

v.                                            Case No. 3:18cv99

WARDEN ENTZEL,
FCI HAZELTON.

MEMORANDUM IN SUPPORT OF THE PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255

Now comes the Petitioner, Dion Hines, (hereinafter Hines) pro se respectfully requesting this Honorable Court vacate his conviction to 18 U.S.C. § 924(c) and the corresponding sentence of 84 months. This Court has jurisdiction, because Hines has properly filed this motion in the jurisdiction to which he is confined in, and as explained below, Hines is entitled to relief via the Saving's Clause of 28 U.S.C. § 2255(e) via the traditional writ of Habeas Corpus under 28 U.S.C. § 2241.

The Saving's Clause under § 2255(e) sets forth:

An application for writ of Habeas Corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant is unable to obtain relief via § 2255 or that the applicant has failed to apply for relief, by motion,

1

to the court that sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This Circuit has recently held the Saving's Clause extends to sentencing errors, see, United States v. Wheeler, No. 16-6073, 4th Cir. App. March 28, 2018, here Hines presents a claim of actual innocence to his conviction(s) in addition he also asserts his consecutive mandatory sentence also constitutes a fundamental defective because it stems from a conviction he is factually, actually and legally innocent of, see, Nelson v. Campbell, 541 U.S. 637, 643 (2004); and, Boumedine v. Bush, 553 U.S. 723, 779 (2008).

On September 29, 2016, Hines plead guilty to a four count information charging him one count of attempted car-jacking 18 U.S.C. § 2119(1) and two counts of car-jacking and to one count of 18 U.S.C. § 924(c). On January 25, 2017, the District Court sentenced Hines to 108 months in prison on counts 1, 2, and 3 to be served concurrently, and to a consecutive to counts one thru three, for an aggregate sentence of 192 months.

Hines now presents this petition in light of the Supreme Court's decision in Sessions v. Dimaya, No. 15-1498, S. Ct. Decided April 18, 2018. The Supreme Court's decision takes its decision from Johnson v. United States, 135 S. Ct. 2551 (2015); and, Welch v. United States, 136 S. Ct. 1257 (2016) that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and because car-jacking can be done by intimidation, and intimidation does not require force, categorically car-jacking fails to qualify as a crime of violence.

The offense of car-jacking covers more conduct than the force clause, and absent the residual clause, it simply cannot qualify as a crime of violence, for purposes of a § 924(c) conviction. Car-jacking under 18 U.S.C. § 2119 and pursuant to application note 1 of U.S.S.G. § 2B13.1 defines "car-jacking" as the taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation, and it is possible to comitt the offense by intimidation without ever engaging in violence, which means it does not require the use, attempted use, or threatened use of physical force, which is a requirement of § 924(c)'s force clause.

As defined by Miriam Webster's unabridged dictionary intimidation is to make timid or fearful to compel or deter by threats, federal courts have addressed intimidation under 18 U.S.C. § 2113 which contains the exact same element of intimidation, that intimidation occurs when an ordinary person in the victims position, reasonably could infer a threat of bodily harm from a defendant's acts. See, United States v. Woodrop, 86 F.3d 359, 364 (4th Cir. 1996); United States v. Pickar, 616 F.2d 821, 825 (2010); United States v. Kelley, 412 F.3d 1240, 1241 (2005). Thus applying this intimidation definition here that act of placing another in fear of bodily harm, at best, constitutes a threat of physical injury to another which plainly does not require the use of threatened use of "violent force" against another.

The Fourth Circuit's decision in United States v. Torres-Miguel, 705 F.3d 165 (4th Cir. 2012) is directly on point, where the court held that the threat of any physical injury even serious bodily injury or death does not require the use of physical force, let alone "violent force". In Torres-Miguel, the court answered the question of whether a statute including death or great

3

bodily injury or death does not require the use of physical force, let alone "violent force". In Torres-Miguel, the Court answered the question of whether a statute including death or great bodily injury, required violent force (as required by the force clause of § 924(c)) the Fourth Circuit answer was, <u>it does not</u>, and set forth that an offense that results in physical injury, but does not involve the use or threatened use of force, the Court's exact words were "of course, a crime may result in death or serious injury without involving use of physical force. Therefore under the current landscape of caselaw doctrine, pursuant to the Supreme Court's decision <u>Dimaya v. Sessions</u>, car-jacking does not fit the definition of a crime of violence, and as such Hines is actually, factually and legally innocent.

This Circuit's decision in <u>United States v. Wheeler</u>, No. 16-6073 (4th Cir. App. 2018) establishes that Hines' 84 month sentence which is both mandatory and consecutive, constitutes a fundamental defect resulting in a miscarriage of justice. See also, <u>United States v. Newbold</u>, 791 F.3d 455, 460 n. 6 (4th Cir. 2015). Like the court found in Wheeler, a fundamental defect is not just an increase in one's statutory range, or minimum and maximum penalty but also with reagrds to an erroneous guideline range, so certainly Hines' mandatory, consecutive 84 month sentence constitutes a fundamental defect. See also, <u>Hill v. Masters</u>, 836 F.3d 591, 595 (6th Cir. 2016).

Hines satisfies all the prongs set forth in <u>Wheeler</u>, at the time he was sentenced, Circuit law foreclosed on this claim, subsequent to his period of direct appeal and collateral attack the law has changed and would otherwise have been available to Hines had it been announced during Hines' time to appeal. See, <u>Sessions v. Dimaya</u>, S. Ct. April 17, 2018, and he cannot meet the requirements

4

under § 2255(h). Thus meeting the four prongs of Wheeler. This also affects the constitutionality of Hines' guilty plea, because the offense of § 924(c) not only carried a mandatory consecutive sentence, it also carried life as a maximum penalty, thus Nunc Pro Tunc Hines decided to plead guilty based on his exposure on the § 924(c) charge, not the car-jacking.

It is well established that a plea must be knowing, intelligent and voluntary. See, Boykin v. Alabama, 395 U.S. 238 (1969). A defendant must be aware of his relevant circumstances and consequences surrounding the plea. Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (197), and given the change in the legal landscape, Hines plea now for then, is unconstitutional, there is no question that the charge under § 924(c) controlled Hines decision to accept a plea, moreover it controlled his counsels ability to negotiate a plea. Hines can show prejudice, via the deprivation of his trial proceeding in and of itself. See, Jae Lee v. United States, No. 16-327 S. Ct. (2017) Hines right to his trial proceeding was waived by pleading guilty, but the waiver is not constitutional when the plea is entered under erroneous information relating to the relevant circumstances and consequences. Hines entered the plea based on § 924(c) charge, to which he cannot legally ever be convicted of, therefore his guilty plea must be vacated, and Hines should be afforded an opportunity to either go to trial or negogiate a new plea to the car-jacking offense, due process and fundamental fairness require that Hines be afforded this opportunity.

## CONCLUSION

Hines, presents a properly filed petition under the Savings Clause. He

presents a claim of actual, factual and legal innocence, and a claim that the 84 month mandatory consecutive sentence attached to the erroneous conviction is a fundamental defect also correctable under the Savaings Clause.

The element of intimadation does not require the force defined by the Supreme Court to satisfy the force clause. See, Johnson v. United States, 559 U.S. 133, 140 S. Ct. 1256, 176 L. Ed. 2d 1 (2010 Johnson 1) which established force is violent force capable of causing pain or injury to another, the Fourth Circuit's decision in United States v. Torres-Miguel, 701 F.3d 165 controls this decision, and requires a finding from this Court that intimidation fails to satisfy the force clause of § 924(c)(3)(A) and that Dimaya invalidated the resudual clause under § 924(c)(3)(B) and therefore Hines' convictions must be vacated, or minimally his § 924(c) conviction must be vacated.

Hines also moves this Court to appoint counsel, based on the complexity of the arguments, and the constant change in caselaw, that counsel is necessary to afford Hines the most current and accurate appeal. Hines also requests an evidentiary hearing, should the court deem one to be necessary.

For all these reasons Hines respectfully requests this Court grant this petition by vacating his convictions and sentence.

Respectfully submitted,

*D. Hines*

Dion Hines #
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

6

## CERTIFICATE OF SERVICE

I, Dion Hines, hereby certify that a copy of this <u>Petition for Writ of Habeas Corpus - 2241</u>, was mailed to the following party on June 18th, 2018, via the U.S. Postal System (postage prepaid):

Clerk of the Court<br>
P.O. Box 2857<br>
Clarksburg, WV 26301

Respectfully submitted,

X *D. Hines*

Dion Hines
No. 67073050
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

SET FORTH PURSUANT TO 28 U.S.C. § 1746

7