IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DION HINES,
      Petitioner,

v.                                                Civil Action No. 3:18-CV-99
                                                         (GROH)

WARDEN ENTZEL,
      Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On June 25, 2018, the pro se Petitioner, Dion Hines, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  When the petition was filed, Petitioner was a federal inmate housed at FCI Hazelton.[1]  Petitioner is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of New Jersey.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] On November 26, 2018, Petitioner filed a Notice of Change of Address notifying the Court that he is now located in FCI Fort Dix in Joint Base, New Jersey.  ECF No. 8.

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On September 29, 2016, in the United States District Court for the District of New Jersey, Petitioner entered a guilty plea to an information filed on that same date in Case No. 2:16-CR-443. ECF Nos. 39 – 42. The four-count information charged Petitioner with three separate incidents of carjacking: in Count One with attempted carjacking with the intent to cause death and serious bodily harm, in violation of 18 U.S.C. §§ 2119(1) and 2; in Count Two with carjacking with the intent to cause death and serious bodily harm, in violation of 18 U.S.C. §§ 2119(1) and 2; in Count Three with carjacking with the intent to cause death and serious bodily harm, in violation of 18 U.S.C. §§ 2119(1) and 2; and in Count Four with possession and brandishment of a firearm during a crime of violence, in violation of 18 U.S.C §§ 924(c)(1)(A)(ii) and 2. ECF No. 39.

Although the facts available in the pleadings on PACER are limited, a news release issued on the sentencing date by the United States Department of Justice described the specifics of the case:

> On Sept. 22, 2013, Hines, Robinson, and another male individual approached a Mercedes Benz sedan that was parked in a residential driveway in Newark. Hines brandished a handgun and ordered the driver to get out of the vehicle. The victim eventually got out of the car and Robinson sat in the driver's seat. After Hines and the other male individual fled on foot, the victim fought Robinson, pulled him from the Mercedes Benz, and got back into the vehicle. Hines returned

---

[2] The facts in Sections II.A. and II.B. are taken from the Petitioner's criminal Case No. 2:16-CR-443 in the United States District Court for the District of New Jersey, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

> and fired two shots at the Mercedes Benz. Afterwards, Hines, Robinson, and the other male individual fled the scene.
>
> On Sept. 26, 2013, Hines approached two individuals at a parking lot in Newark, threatened them with a handgun, and demanded the keys to their vehicles. After one of the victims gave Hines the keys to a 2009 Acura sedan, he got into the car and fled.
>
> On the morning of Sept. 27, 2013, Hines was traveling in a dark-colored SUV driven by another individual. The SUV pulled in front of a Range Rover stopped at an intersection in Belleville, New Jersey, blocking the Range Rover's path. Hines got out of the SUV and pointed a handgun at the driver of the Range Rover. Robinson, who followed the SUV in a separate vehicle, pulled over and stood watch. Hines pulled the driver out of the Range Rover, got into the vehicle and fled, followed by the SUV and Robinson's vehicle.

DOJ 17-019, 2017 WL 8793632 (January 25, 2017).

On January 25, 2017, Petitioner was sentenced to 108 months as to Counts One through Three, all to be served concurrently with one another, and to 84 months as to Count Four to be served consecutively to the concurrent 108-month sentences, for an aggregate term of imprisonment of 192 months. ECF No. 45.

### B. Appeal and Post-Conviction Attempts at Relief

A review of PACER and the docket in Petitioner's criminal case shows that Petitioner did not file either a direct appeal with the Third Circuit Court of Appeals, or a motion to vacate pursuant to 28 U.S.C. § 2255 in the District of New Jersey.

### C. Instant § 2241 Petition

In his § 2241 petition, Petitioner asserts two grounds for relief as to his conviction and sentence. ECF No. 1 at 5 – 6. Petitioner first asserts that: (1) he is "actually, factually, and legally innocent of [the] § 924(c)" charge, because although he pled guilty to carjacking and 924(c), under "current case law" he is now innocent. Id. at 5. Second,

3

Petitioner claims that his plea is now unconstitutional "because it was the 924(c) count that controlled [his] decision to plead guilty because it carried mandatory consecutive prison time up to life." Id. at 5 – 6.

Petitioner requests that the Court vacate his conviction for the 924(c) offense, and asserts that he is entitled to relief because these claims "were not available to [him] to present in a § 2255 motion." Id. at 8 – 9. Petitioner cites to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), Sessions v. Dimaya, 138 S.Ct 1204 (2019), Johnson v. United States, 135 S.Ct. 2551 (2015), and Welch v. United States, 136 S.Ct. 1257 (2016), in support of his claims. ECF No. 1-1 at 2. Further, Petitioner argues that because carjacking can be committed "by intimidation, and intimidation does not require force, categorically carjacking fails to qualify as a crime of violence." Id.

In the memorandum attached to his petition for relief, Petitioner further moves for appointment of counsel and for an evidentiary hearing. ECF No. 1-1 at 6.

### III.    LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

**A.     Petitioner's Challenge to his Conviction**

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

It appears that Petitioner is attempting to satisfy the savings clause in order to argue actual innocence in his petition for relief under § 2241.[5]  For the reasons discussed herein, Petitioner's argument must fail.  In the instant case, even if Petitioner satisfied the first and the third elements of Jones, he cannot meet either of the two clauses of the second prong of Jones.  First, there must be a change in the law after prisoner's direct appeal and first § 2255 motion.  Petitioner neither appealed nor filed a § 2255 motion, thus he cannot meet the first clause of the second prong of Jones.  Second, the crimes for which Petitioner was convicted—carjacking and possession and brandishment of a

---

[5] See Bousey v. United States, 523 U.S. 614, 623 (1998) In order to 'open the portal' to a section 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of section 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

7

firearm during a crime of violence—remain criminal offenses. Accordingly, Petitioner cannot meet the second clause of the second prong of Jones.

Petitioner argues that United States v. Davis[6], 139 S.Ct. 2319 (2019), was a substantive change in the law which invalidates his conviction under §924(c). Petitioner's reliance on Davis is misguided as Davis only invalidated subparagraph § 924(c)(3)(B), and Petitioner's crime of conviction was predicated on § 924(c)(3)(A). Subparagraph (c)(3)(A) was not invalidated by Davis and has as an element, "the use, attempted use, or threatened use of physical force against the person or property of another".

Further, 18 U.S.C. § 924(c)(4) provides:

> For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

Petitioner was convicted of possession of and brandishing of a weapon during a carjacking, in violation of 18 U.S.C. § 2119(1). That statute provides that, "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--(1) be fined under this title or imprisoned not more than 15 years, or both."

---

[6] Petitioner also cites to Sessions (invalidated portion of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii)), Johnson (invalidated provision of the Armed Career Criminal Act contained in 18 U.S.C. § 924(e)(2)(B)(ii)), and Welch (invalidated the crime of violence provision contained in 18 U.S.C. § 16), in support of his petition. ECF No. 1-1 at 2. None of these cases address the statute of conviction which the Petitioner contends is now invalid. Although each case considered similar language, they are simply not applicable to Petitioner's challenge to his § 924(c)(3)(A) conviction.

8

The facts asserted by the Department of Justice are that Petitioner brandished a gun at three separate individuals on three separate dates, and on at least one date discharged the gun twice.

In <u>United States v. Small</u>, 944 F.3d 490, 499 (4th Cir. 2019), the Fourth Circuit when discussing the carjacking statute at issue here, found that "an assailant's wielding a gun provides a strong indication of intent to inflict bodily harm if met with resistance, particularly when 'the perpetrator did not merely display a gun but rather pointed the gun at the victim in demanding car keys and other possessions.'"

Petitioner's actions against three victims on three different dates, including the discharge of the brandished firearm on one date, are consistent with the <u>Small</u> finding that "wielding a gun provides a strong indication of intent to inflict bodily injury if met with resistance." Further, in <u>Small</u>, the Fourth Circuit neither found that <u>Davis</u> invalidated the offense of carjacking, nor that carjacking was no longer a crime of violence after <u>Davis</u>.

Because Petitioner cannot satisfy either clause of the second element of <u>Jones</u>, he cannot satisfy the savings clause in order to pursue a challenge of his conviction under § 2241.

    **B.    Petitioner's Challenge to his Sentence**

More recently, in <u>United States v. Wheeler</u>, 886 F. 3d 415, 419 (4th Cir. 2018), the Fourth Circuit ruled that a prisoner may use § 2255's savings clause to challenge not just an unlawful conviction, but also a defective sentence. Specifically, the Fourth Circuit ruled that a § 2255 is inadequate or ineffective to test the legality of a sentence if the following four conditions are met:

> (1)    at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

>(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429. The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

The Court reviews Petitioner's challenge to his sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner fails to meet the second prong of the Wheeler test, which has three clauses. One, after Petitioner's direct appeal and first § 2255 motion, two, the substantive law must change, and three, that change must be deemed to apply retroactively on collateral review. It is clear that Petitioner has not filed either a direct appeal or a first § 2255 motion, and thus he does not meet the first clause of the second prong of Wheeler. Further, Petitioner cannot meet either the second or third clauses of the second prong of Wheeler. Although Petitioner alleges that the substantive law has changed, he cites to no authority to support his claims. Petitioner appears to allege that Davis invalidated the entirety of § 924(c), however, as noted above, that decision only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in Petitioner's sentence. Instead Petitioner's

sentence was properly imposed under § 924(c)(3)(A), which remains in effect after Davis. Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test. Moreover, as the substantive law regarding § 924(c)(3)(A) has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the third clause of the second prong of the Wheeler test. Accordingly, Petitioner fails to meet the second requirement of Wheeler, and the undersigned need not address the third and fourth prongs of Wheeler.[7]

Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S. Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Petitioner's motions for counsel and an evidentiary hearing contained within his memorandum of law [ECF No. 1-1 at 6] be **DENIED**.

---

[7] Although Petitioner claims that he "is actually innocent of 18 U.S.C. § 924(c)," Petitioner still fails to meet the mandatory four-part Wheeler test and relief pursuant to § 2241 is unavailable. ECF No. 1 at 5.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED**:** January 15, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE